AREE III CORPORATION ET AL., APPELLANTS, *v.*
BERGER ET AL., APPELLEES.

[Cite as Aree III Corp. v. Berger (1978),
60 Ohio App. 2d 109.]

(No. 37723—Decided November 2, 1978.)

*Mr. Steven F. Mitchell,* for appellants.
*Mr. Donald Cybulski,* for appellees.

DAY, J. This is an appeal by Aree III Corp., et al. (plaintiffs), from a judgment entry by the Court of Common Pleas, Cuyahoga County, ruling against plaintiffs and for Joseph M. Berger, et al. (defendants), on plaintiffs' motion for partial declaratory judgment. Other judgments were entered but only that on the motion for partial declaratory judgment was appealed.

The facts crucial to decision on appeal can be briefly summarized:

(1) *August 6, 1971* - Purchase agreement entered. Appellants (buyers) agreed to purchase premises at 2713 Hampshire Road, Cleveland Heights, Ohio, from appellees (sellers) with the warranty: "Seller warrants and represents there are no code violations against said premises, said warranty to survive filing of deed for record."

(2) *September 22, 1971* - Title transfered to appellants from appellees.

(3) *October 5, 1971 - October 22, 1971* - Inspection of premises by the city of Cleveland Heights for Housing Code violations.

(4) *October 25, 1971* - Notice of Housing Code violations

existing on the instant premises issued by the city of Cleveland Heights.

## I.

The judgment entry from which appeal is taken is dated February 28, 1977, and recites in relevant part:[1]

"Language of warranty herein does not entitle plaintiff (appellants) to damages resulting from the existence of conditions which failed to comply with the housing code of the city of Cleveland Hts. Ohio, where no code violation citation was issued by the City prior to the transfer of the title of the property.***"

## II.

The plaintiff challenges the judgment assigning two errors:

*Assignments of error Nos. I and II:*

"*I. The trial court committed error by holding that the appellee was not in breach of the warranty contained in the purchase contract.*

"*A. The trial court committed error by holding that the warranty in question was not breached so long as no written notice of violation was issued by the city of Cleveland Heights prior to the date of transfer.*

"*B. The warranty contained in the purchase contract remained binding on the appellee even after the transfer of title.*"

"*II. The trial court committed error by issuing a final judgment without having a hearing or taking any evidence where the intent of the parties at the time of contracting was in dispute and was not readily discernible on the fact of the contract.*"

The assignments are interrelated and are treated together.

## III.

The survival clause in (1) prevents the doctrine of merger from wiping out the warranty.[2] And the majority of this court

---

[1] A welter of pleading maneuvers are ignored because not relevant to the issue now on appeal.

[2] Generally, the provisions of a contract for sale of land are merged in a deed made in execution of the contract. See 26 Corpus Juris Secundum 842 *et seq., Deeds,* Sec-

finds one tenable interpretation of the warranty clause to be that it gives assurance that the property, on the date of sale, was in such condition that there were, in fact, no building code violations whether charged or not. In effect, the warrantor may be saying "the property is 'free and clear' of all defects which are or could be code violations."

This interpretation gives the prevention of merger a special meaning. That is, it credits the survival language with an intent to save a remedy for defects which are obscure or latent. There might be no remedy for any defects if merger occurred. Without the survival language the merger doctrine would also defeat a remedy for both *charged* and uncharged violations after title passed.[3] But the difference is that what is *charged* can be discovered before the contract is consummated and the buyer can protect his rights without warranty survival if he chooses not to contract. Hence, a discernible purpose of the clause] "***[s]aid warranty to survive filing of deed for record" may well have been to protect against violations which were not obvious at the time of contracting (nor afterward) in addition to protection against those known to exist.

Whether this interpretation reflects the intent of the parties cannot be determined without taking evidence. This was not done in the court below.

## IV.

Should it be determined upon the taking of evidence that the language of survival intended the result explored in this opinion, then the buyer has the burden of proving violations and that process will require the taking of further evidence.

## V.

Both assignments of error are well taken. The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

PRYATEL, P. J. concurs.
KRŪPANSKY, J., dissents.

---

tion 91. For a discussion of exception to the rule see *Richmond Homes, Inc.* v. *Lee-Mar, Inc.* (1969), 20 Ohio App. 2d 27, 31-21.

[3] P.E., absent an exceptional circumstance such as fraud.

KRUPANSKY, J., dissenting. I respectfully dissent from the majority for the reasoning which follows.

The instant matter is an appeal by Aree III Corp. *et al.,* plaintiffs (appellants), from a judgment entry dated February 28, 1977, by the Cuyahoga County Court of Common Pleas, ruling against plaintiffs on their motion for partial declaratory judgment. Although the trial court's judgment entry is somewhat confusing, from the state of the record a logical interpretation of that entry is that the court, in addition to ruling on the declaratory judgment, also granted a judgment for defendants (appellees) on plaintiffs' motion for summary judgment, and summary judgment for defendants against plaintiffs on their conterclaim in the amount of five thousand dollars, plus interest, on the promissory note.

Briefly stated, the facts of this case are as follows:

*"August 6, 1971 - Purchase agreement* entered into whereby appellants (buyers) agreed to purchase premises at 2713 Hampshire Rd., Cleveland Heights, Ohio, from appellees (sellers) with the following warranty: "Seller warrants and represents there are no code violations against said premises, said warranty to survive filing of deed for record."

*September 22, 1971 - Title transferred* to appellants from appellees.

*October 5, 1971 - October 22, 1971* - Inspection of premises by the city of Cleveland Heights for Housing Code violations.

*October 25, 1971 - Notice of Housing Code Violations* existing on the instant premises *issued* by the city of Cleveland Heights.

On January 14, 1972, Aree III Corp. filed an amended complaint against appellees in which it was alleged that contrary to the warranty and representation, on August 6, 1971, the building contained numerous violations of the Cleveland Heights Housing Code. Appellants further alleged that the code violations were corrected at a cost of twelve thousand dollars, which amount they prayed to recover from appellees.

On November 5, 1973, appellees, after first answering the amended complaint, filed a counterclaim against appellants in which appellees averred that on September 10, 1971, appellants executed a promissory note payable to the order of appellees in the principal amount of five thousand dollars, plus interest, and that as of October 10, 1971, the

date upon which appellants failed and refused to pay the first installment due under the terms of such note, the entire amount of principal and accrued interest on the note became immediately due and payable; wherefore, appellees prayed for a judgment against appellants in the amount of five thousand dollars, plus interest and costs.

On October 29, 1976, appellants moved for summary judgment as to the liability of appellees with regard to all violations except for those violations which could have come into existence between September 22, 1971, the date of transfer, and October 5, 1971, the date inspection was commenced by Cleveland Heights.

On November 29, 1976, appellees filed a brief in opposition to the motion for summary judgment on the amended complaint, alleging the existence of material issues of fact as to the existence of housing code violations. Appellees also requested summary judgment on their counterclaim.

On December 29, 1976, appellants filed a motion to change their motion for summary judgment to a motion for a partial declaratory judgment as to the respective liability of the parties. *Appellants sought a declaration that appellants had a right to damages resulting from conditions which constituted code violations existing prior to the date of transfer of the property whether or not a citation was issued by the city of Cleveland Heights.*

Appellants filed a brief in opposition to the motion for declaratory judgment on January 26, 1977.

In an entry journalized February 15, 1977, the trial court held:

"Language of warranty herein does not entitle plaintiff (appellants) to damages resulting from the existence of conditions which failed to comply with the housing code of the city of Cleveland Hts. Ohio, where no code violation citation was issued by the City prior to the transfer of the title of the property.* * *" This entry was processed on a status form marked as a partial disposition. In an entry journalized February 28, 1977, the entry of February 15, 1977, was made a final order of disposition.

Appellants timely filed a notice of appeal from this last entry and present two assignments of error, to wit:

"I. The trial court committed error by holding that the

appellee [*sic*] was not in breach of the warranty contained in the purchase contract.

"A. The trial court committed error by holding that the warranty in question was not breached so long as no written notice of violations was issued by the city of Cleveland Heights prior to the date of transfer.

"B. The warranty contained in the purchase contract remained binding on the appellee [*sic*] even after the transfer of title.

"II. The trial court committed error by issuing a final judgment without having a hearing or taking any evidence where the intent of the parties at the time of contracting was in dispute and was not readily discernable on the face of the contract."

Both assignments of error will be considered under a single heading inasmuch as the arguments advanced by appellants are substantially similar.

As previously stated, the contractual provision in dispute provides as follows:

"Seller warrants and represents there are no code violations against said premises, said warranty to survive filing of deed for record."

First, appellants contend the trial court placed such a meaning upon the word "against" as to result in a strained and unnatural conclusion. To support this contention, appellants argue the word "against" can mean, and in this context, does denote "on" or "upon."

We fail to see how the definition propounded by appellants exposes the alleged error of the court below. In fact, the definition set forth by appellants is entirely consistent and harmonious with the result reached by the trial court.

Second, appellants argue the judgment by the trial court renders the warranty provision ineffective and without purpose. I disagree. Appellants contend that since a citation issued by a Cleveland Heights housing inspector is personal in nature, *i.e.*, the citation is against the then property owner and not the structure itself, the warranty provision would be unnecessary.

To the extent that appellants' argument encompasses the relationship between the city of Cleveland Heights and a property owner who, after a citation has been issued, sells the

property, I agree. Whether or not a purchase contract contained a warranty clause similar to the one under review, the city of Cleveland Heights could pursue the remedies provided by the codified ordinances. The purchaser of the property, however, acquires no private right of action against the seller as a result of the housing code and a violation thereof. Hence, absent a provision similar to the instant one, a purchaser who after the transfer of title learns of the existence of a citation issued against his seller prior to the date of transfer, would have to await the enforcement action of the city under most circumstances.

The savings clause, quoted above, preserved the appellants right to sue for violations of the housing code issued prior to the transfer of title. Absent this term in the warranty, under the doctrine of merger the appellants would be barred from suing on pre-existing code violations after the transfer of title. In summation, the interpretation of the trial court does not reduce the warranty provision, including the savings clause, to a nugatory term of the purchase contract.

Finally, appellant contends the trial court erred in declaring the rights of the parties with reference to the warranty provision without first holding a hearing so as to ascertain the intent of the parties. This argument is premised upon the assertion that the intent of the parties at the time of contracting was not readily discernible on the fact of the contract.

It is a well-established principle that the contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language. *Skivolocki* v. *East Ohio Gas Co.* (1974), 38 Ohio St. 2d 244; *Olmstead* v. *Lumbermen's Mutual Ins. Co.* (1970), 22 Ohio St. 2d 212. In interpreting contracts, the words used will be given their ordinary, common and usual meaning in ascertaining the intention of the parties unless there is something to show that they were used in a different sense. *See, Aurora* v. *Bay Village* (1971), 27 Ohio App. 2d 17, 20. If the meaning is apparent, the terms of the contract are to be applied, not interpreted. *Carroll Weir Funeral Home* v. *Miller* (1965), 2 Ohio St. 2d 189, 192. Stated differently, when clear contract language itself reveals the intent of the parties, a court need proceed no further.

The majority seems to interpret the phrase "there are no

code violations against said premises" to be "there are no conditions upon the premises which might result in code violations against said premises." The two phrases are far from being synonymous. The distinguishing factor is simply this: A housing code violation does not exist until such time as the proper authority of the city of Cleveland Heights issues a citation or notice thereof.

The assignments of error are not well taken. The judgment should be affirmed.